Gershengorn, J.
Plaintiff Michael Rozumek (Rozumek) brings this action against Anthony A. Abu and Kathleen S. Abu (the Abus) alleging that they negligently allowed their property to exist in an unreasonably dangerous condition which resulted in injury to Rozumek. The Abus move for summary judgment on the grounds that they leased the property at issue to Rozumek’s employer pursuant to a net lease which required the tenant to assume complete responsibility for the premises and to keep and maintain the property. The Abus argue that, based on the net lease, they owe no duty to Rozumek and therefore are entitled to summary judgment. Rozumek claims that a commercial landlord is liable for injuries caused by a defect in areas over which the landlord had control. Rozumek further argues that control is a question of fact and therefore summary judgment is inappropriate. Based on the following, defendants’ motion is denied.
FACTS
On January 2, 1992, Rozumek reported to work at “Finally Michael’s” a restaurant located in Framing-ham, Massachusetts and operated by Bread & Butter, Inc. As Rozumek attempted to open and enter the door on the back deck of the premises, he slid on a low spot on the platform which allegedly accumulates grease and water from the kitchen and fell. Rozumek alleges that, as a result of this fall, he sustained personal injuries.
Rozumek claims that the back porch on which he slipped exceeds thirty inches in height and because the platform has no hand or guard rails, it is in violation of the Massachusetts State Building Code, §827.1.
On or about September 30, 1977, the Abus entered into a ten-year lease agreement for the subject premises with Bread & Butter, Inc.’s predecessors (the lease). Under the lease, Bread & Butter, Inc. agreed at its “own cost and expense to keep and maintain the Leased Premises and all buildings and improvements” and “to maintain the Leased Premises in a clean and sanitary condition at all times and promptly at its own expense to remove therefrom all garage, trash and ice and snow from the sidewalks . . .” The parties agreed to enter into a net lease whereby Bread & Butter, Inc. would be responsible for any expenses with respect to the Leased Premises including maintenance and repairs, insurance, taxes and assessments, water and sewer charges, and other governmental impositions imposed upon the premises.
The lease allows the Abus “to enter into and upon the premises at all reasonable times for the purpose of inspecting the premises for the purpose of making repairs, alterations, or additions thereto.” The Abus agreed to indemnify Bread & Butter, Inc. “from and against any and all claims, actions, damages, liability and expense in connection with loss of life, personal injury and/or damage . . . arising from or out of any occurrence in, upon or at the premises occasioned wholly or in part by any act or omission of Landlord or Landlord’s agents.”
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and *671 where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass at 17. “(T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
A lessor of commercial property is liable in tort for personal injuries only if (1) he contracted to make repairs and made them negligently or (2) the defect that caused the injury was in a common area or other area over which the lessor had some control. Chausse v. Coz, 405 Mass. 264, 266 (1989).
The Abus argue that the net lease relinquishes the Abus from all responsibility for maintenance, repairs, etc. and thus Rozumek has no reasonable expectation of proving that the Abus breached a duty owed to him.
The cases cited to by the Abus in support of their argument, however, do not hold that a commercial landlord can never be liable for injuries incurred on the property where a net lease is in effect. See Camerlin v. Marshall, 411 Mass. 394, 397 (1991); Agustynowicz v. Bradley, 25 Mass.App.Ct. 405, 408, rev. denied 402 Mass. 1102 (1988). In these cases, the court reviewed jury verdicts where the evidence showed that the areas where the injuries occurred were under the tenants’ control. In fact, in Camerlin, the judge properly instructed the jury that the landlord has a duty to use reasonable care to keep the portion of the premises over which he retains control in reasonably safe condition. Camerlin v. Marshall, supra, at 398 (ample evidence on which jury could have found that the area was not in control of the landlords). In Agustynowicz, the court stated that although they were not disposi-tive of the landlord’s liability, both the lack of control and tenant’s intervening negligence are matters open for consideration on the issue of negligence. Agustynowicz v. Bradley, supra, at 408 (court found insufficient evidence of landlord’s negligence to justify a jury verdict). In Camerlin and Agustynowicz, the terms of the leases were considered as evidence to determine whether a reasonable jury could find that the landlords had a duty to maintain the areas where the injuries occurred. See Camerlin v. Marshall, supra, at 397; Agustynowicz v. Bradley, supra, at 408.
The net lease in the present case is evidence to consider when determining whether the Abus exercised any control over the back porch platform of the leased premises, however, it is not conclusive as to the Abus’ liability to Rozumek. It cannot be determined from the record to date whether the Abus exercised their right to enter the premises and made repairs or alterations to the back porch platform, thereby triggering the indemnity provision of the lease. Furthermore, a landlord may be liable notwithstanding that he has relinquished control of the premises under the terms of the lease, where the defect or nuisance existed prior to the lease. See Whalen v. Shivak, 326 Mass. 142, 155 (1950); Brazinskos v. A S. Fawcett, Inc., 318 Mass. 263, 265 (1945).
There is a question of fact here as to whether the allegedly defective back porch platform existed prior to the inception of the lease between the Abus and Bread & Butter, Inc. and whether the Abus exercised any control over the platform or performed any work on it. Accordingly, summary judgment is denied.
ORDER
Based on the foregoing, it is ORDERED that defendants’ motion for summary judgment is DENIED.